UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THE PEOPLE'S LEGISLATURE, et al.,

Plaintiffs,

v.

ROSS MILLER,

Defendant.

2:12-CV-272 JCM (VCF)

**ORDER**

Presently before the court is plaintiffs The People's Legislature, Citizen Outreach, and PEST Committee's motion to remand. Doc. #5. Defendant, Ross Miller, in his official capacity as Secretary of State for the State of Nevada, has filed a response (doc. #19) and supplement to his response (doc. #31-1), to which plaintiffs have replied (doc. #23). Additionally, the Nevada Legislature, a proposed intervenor-defendant, has filed a response to the motion to remand (doc. #24) and supplement to their response (doc. #29-1),[1] to which plaintiffs have replied (docs. #25 and #32).

**I. Background**

Plaintiffs' complaint was originally filed in state court on January 18, 2012. The complaint alleged that Nevada Legislature passed Assembly Bill 81 and Senate Bill 224 in violation of the

[1] This court has not yet ruled on the Nevada Legislature's motion to intervene, rendering the Nevada Legislature as a non-party. However, the court will construe the Nevada Legislature as amicus curiae and accept its response as an amicus brief. *See PEST Comm. v. Miller*, 648 F. Supp.2d 1202, 1214 (D. Nev. 2009) (treating responsive documents filed by proposed intervenor-defendants "as the equivalent of an amicus brief.").

James C. Mahan
U.S. District Judge

Nevada Constitution's Single Subject Prohibition, found at Article 4 § 17, and the right to free speech, as guaranteed by the First Amendment of the United States Constitution and Article 1 § 9 of the Nevada Constitution. Plaintiffs subsequently filed a first amended complaint on January 31, 2012, alleging the same causes of action. *See* doc. 1-5, First. Am. Compl. ¶¶ 78, 79, 87 and 88.

On December 21, 2012, Secretary Miller removed the case to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446. *See* doc. 1. Specifically, Secretary Miller stated that because plaintiffs sought relief for alleged violations of their First Amendment rights, a federal question existed, conferring jurisdiction upon this court.

Plaintiffs now seek to remand, arguing that their freedom of speech allegations are too insubstantial to support federal jurisdiction and that the whole case should be remanded to state court. Secretary Miller alleges that the federal free speech claims confer jurisdiction to this court and also create supplemental jurisdiction over the state constitutional claims, thus the whole action should remain in federal court. In its supplemental response, the Nevada Legislature seeks to have the complaint remanded to state court, arguing that plaintiffs have affirmatively represented to the court that they will not pursue their free speech claims. Plaintiffs respond that they will pursue their free speech claims in this court.

The court makes clear at the outset, that it views the complaint as raising both federal and state free speech claims as well as claims alleging violations of Nevada's single-subject laws. Because the plaintiffs have not filed an amended complaint removing the federal claims from their complaint, those claims remain at issue. Therefore, the court rejects the Nevada Legislature's invitation to remand this case based on plaintiffs' representations in their moving papers.

## II. Discussion

### (a) Legal Standard

An action filed in state court may be removed to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Congress amended the removal statute on December 7, 2011, with the amendments taking effect January 7, 2012. As the new version of the statute took effect prior to the instant action being filed, it controls this court's analysis of the

pending motion to remand. The new version of the removal statute states, in pertinent part,

> (c) Joinder of Federal law claims and State law claims.
>
> (1) If a civil action includes –
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441.

A suit arises "under the Constitution, laws, or treaties of the United States," if "the plaintiff's well-pleaded complaint raises issues of federal law." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). As explained by the Supreme Court, "the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998).

The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004); *see also Trs. of the contr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). Where there is no overlap between the federal and state claims, supplemental jurisdiction is improper. *See U.S. ex rel. Hill v. Teledyne,*

*Inc.*, 103 F.3d 143 (9th Cir. 1996).

Where a court exercises its discretion to decline supplemental jurisdiction, it must "undertake a case-specific analysis to determine whether declining supplemental jurisdiction 'comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity." *Bahrampour*, 356 F.3d at 978 (quoting *Exec. Software N. Am., Inc. v. United States Dist. Ct.*, 24 F.3d 1545, 1557-58 (9th Cir. 1994)).

(b) Analysis

It is beyond question that plaintiffs' First Amendment claims arise under the Constitution. Accordingly, these claims fall within this court's original jurisdiction. Therefore, this court must determine whether plaintiffs' remaining claims of free speech under the Nevada Constitution and violation of the single-subject clause of the Nevada Constitution fall within the court's original or supplemental jurisdiction (*see* § 1441(c)(1)(B)) or should be severed and remanded pursuant to § 1441(c)(2).

*1. Claims Alleging Violation of Article 1 § 9 of the Nevada Constitution – Free Speech*

Original jurisdiction does not exist over this claim because all parties are residents of Nevada for purposes of diversity and the claim alleges a violation of state, rather than federal, law. 28 U.S.C. §§ 1331 and 1332. Therefore, this court must determine whether supplemental jurisdiction exists over the state free speech claims.

Supplemental jurisdiction does exist over these claims. This court's original jurisdiction over the lawsuit rests on the federal question raised by plaintiffs' First Amendment challenge to Assembly Bill 81 and Senate Bill 224. The Nevada Supreme Court has ruled that the free speech protections provided in Article 1 § 9 are coextensive with the United States Constitution. *See Univ. & Cmty. Coll. Sys. v. Nevadans for Sound Gov't*, 100 P.3d 179, 187 (Nev. 2004) ("We have held that Article 1, Section 9 affords no greater protection to speech activity than does the First Amendment to the United States Constitution."). Accordingly, the same legal standards govern the state free speech claims that govern the federal claims. Moreover, the complaint makes clear that both the state free

speech claims and federal claims arise from the same exact facts; namely, that the signature requirements of §§ 7-12 and 64 of Assembly Bill 81 and § 20 of Senate Bill 224 violate both the Nevada and federal free speech protections. *See* Compl. ¶¶ 79 and 88. Therefore, this court finds that the claims arise from the same nucleus of operative facts and supplemental jurisdiction is proper, *see Bahrampour*, 356 F.3d at 978, unless an exception to the supplemental jurisdiction statute apples.

The exceptions to the supplemental jurisdiction doctrine, codified at 28 U.S.C. § 1367(c), do not apply to the state free speech claims. Subsection (c) states:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). As previously explained, the state and federal free speech claims are the same. As such, this court does not find that the state claims are particularly novel or complex or substantially predominate over the federal claims. Further, there are no exceptional circumstances or compelling reasons to remand state free speech claims that are identical to the federal claims that this court will ultimately hear. Therefore, supplemental jurisdiction is proper.

*2. Claims Alleging Violation of Article 4 § 17 of the Nevada Constitution – Single Subject Prohibition*

Similar to the state free speech claims, the state single subject claims do not fall within this court's original jurisdiction because diversity is lacking and no federal question is raised. 28 U.S.C. §§ 1331 and 1332. Therefore, this court must determine whether supplemental jurisdiction exists over the state single subject claims.

James C. Mahan
U.S. District Judge

Unlike the free speech claims, the single subject claims involve different facts and different law. This court's original jurisdiction is premised on plaintiffs' free speech claim. The facts related to this claim regards whether the signature requirements of the two bills unconstitutionally violate free speech protections. *See* Compl. ¶¶ 79 and 88. However, the determinative facts relating to the constitutionality of both bills with regards to the single subject clause include whether these bills do indeed encompass more than a single subject. *Id.* at ¶¶ 78 and 87.

Further, the free speech claims raise legal issues completely unrelated to those presented by the state single subject claims, as those claims regard the substance and format of legislative acts. *Compare* Nev. Const. Art. 4, § 17 ("Each law enacted by the Legislature shall embrace but one subject, and matter, properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be revised or amended by reference to its title only; but, in such case, the act as revised or section as amended, shall be re-enacted and published at length.") *with* Nev. Const. Art. 1, § 9 ("Every citizen may freely speak, write and publish his sentiments on all subjects being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press.").

Here, the single subject claims do not arise from the same nucleus of operative fact and completely different legal standards apply. Accordingly, there is insufficient evidentiary overlap between the free speech and single subject claims. Therefore, this court lacks supplemental jurisdiction to hear the single subject claims. *See U.S. ex rel. Hill v. Teledyne, Inc.*, 103 F.3d 143 (9th Cir. 1996) ("The district court correctly determined there is no evidentiary overlap whatsoever between these claims, properly found they do not derive from a common nucleus of operative facts, and rightly held it lacked supplemental jurisdiction to hear the state law breach of fiduciary duty claim.").

Furthermore, the Supreme Court has cautioned district courts to hesitate before exercising supplemental jurisdiction over state law claims. Specifically, the Court instructed that the doctrine of supplemental jurisdiction

James C. Mahan
U.S. District Judge

> Is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (internal citations omitted).

On these facts, this court finds that declining supplemental jurisdiction over the single subject claims ensures the values of economy, convenience, fairness, and comity. *See id.* As explained in plaintiffs' brief, this court should decline supplemental jurisdiction over the single subject claims because the claim raises novel issues of state law, *see* 28 U.S.C. § 1367(c)(1), it substantially predominates over the free speech claim, *see* 28 U.S.C. § 1367(c)(2), and Nevada has a compelling interest in determining the issues relating to the Nevada constitution, *see* 28 U.S.C. § 1367(c)(4). Indeed, as explained by the Supreme Court in *Gibbs*, this court "should hesitate to exercise jurisdiction over state claims [because] . . . . [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *Gibbs*, 383 U.S. at 726. Thus, as a matter of comity this court finds it is appropriate to remand the state single subject claims to the state court so that this question of Nevada constitutional law may be determined by that court.

Accordingly, this court lacks both original and supplemental jurisdiction over the state single subject claims and principals of federal comity dictate that the Nevada courts adjudicate plaintiff's single subject claims. Therefore, pursuant to the dictate of 28 U.S.C. § 1441(c)(2), this court "shall sever [the state single subject claims] from the [free speech] claims . . . and shall remand the severed claims to the State court from which the action was removed."

Pursuant to the forgoing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to remand (doc. #5) be, and the same hereby is, DENIED.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that all claims in this litigation challenging Assembly Bill 81 and Senate Bill 224 under Article 1 § 17 of the Nevada Constitution be, and the same hereby are, SEVERED from this action and REMANDED to the Eighth Judicial District Court, Clark County, Nevada.

DATED April 3, 2012.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**