UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE PEOPLE'S LEGISLATURE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROSS MILLER, in his official capacity as Secretary of State for the State of Nevada, <br><br> Defendant. | Case No. 2:12-cv-00272-MMD-VCF <br><br> ORDER <br><br> (Movant NMA and RAN's Motion to Intervene – dkt. no. 1-10; <br> Movant NRA's Motion to Intervene – dkt. no. 1-14; <br> Movant Nevada Legislature's Motion to Intervene – dkt. no. 1-16; <br> Movant NDA's Joinder to NMA and RAN's Motion to Intervene – dkt. no. 9) |

Before the Court is Movants Nevada Mining Association ("NMA") and the Retail Association of Nevada's ("RAN") Motion to Intervene (dkt. no. 1-10); Movants Nevada Development Authority (NDA), Las Vegas Chamber of Commerce ("LVCC"), Nevada Taxpayer's Association ("NTA"), and Wynn Las Vegas LLC's ("Wynn") Joinder to NMA and RAN's Motion to Intervene (dkt. no. 9);[1] Movants Nevada Resort Association's ("NRA") Motion to Intervene (dkt. no. 1-14);[2] and Movant Nevada Legislature's Motion to Intervene (dkt. no. 1-16).

---

[1] Joint Movants NMA, RAN, NDA, LVCC, NTA, and Wynn filed a Renewed Motion to Intervene on July 10, 2012. (Dkt. no. 45.) Movants inform the Court that after Plaintiffs filed their Second Amended Complaint, Movants were terminated from the lawsuit on the Court's docket. (Dkt. no. 45 at 4.) This termination was in error and the Court understands that Movants still desire to participate as Intervenor-Defendants in this case.

[2] Movant NRA filed a Renewed Motion to Intervene on July 17, 2012. (Dkt. no. 48.)

## I. BACKGROUND

Plaintiff The People's Legislature ("People's Legislature") is a political advocacy group. Plaintiff Citizen Outreach, Inc. ("Outreach") is a non-profit grassroots political organization. In their Second Amended Complaint ("SAC"), Plaintiffs assert an as-applied constitutional challenge to a series of statutes relating to the citizen initiative process passed by the Nevada Legislature in 2005 and 2007. (Dkt. no. 41.) Plaintiffs allege that taken together, NRS §§ 295.009, 295.015, and 295.061 violate the First and Fourteen Amendments to the United States Constitution because they effectively "nullify all attempts at placing an initiative on the ballot." (*Id.* ¶ 1.)

NRS § 295.009 codifies the "single-subject rule," which requires that any citizen initiative or referendum encompass only one subject.[3] NRS § 295.061 (also referred to as the "pre-election challenge procedure") is a private attorney general provision relating to NRS § 295.009. It allows Nevada citizens to challenge proposed initiatives and referenda under the single-subject rule by bringing suit in the First Judicial District in Carson City, Nevada. NRS § 295.015 provides that if, after a challenge under NRS §§ 295.009 and 295.061, a court determines that a proposed initiative or referendum must be amended, any signatures that were previously collected to place the challenged initiative or referendum on the ballot are no longer valid. Plaintiffs argue that the statutes, when applied together, violate the First and Fourteenth Amendments because they make it too costly and arduous for Nevadans to successfully place an initiative on the ballot. Plaintiffs further allege that these Nevada statutes chill Plaintiffs' speech and constitute prior restraint on Plaintiffs' political speech. (Dkt. no. 41 at ¶ ¶ 13-14.)

Plaintiffs initially filed suit in the Eighth Judicial District in Clark County, Nevada, seeking declaratory and injunctive relief against Defendant Ross Miller, the Nevada Secretary of State. (Dkt. no. 1-1.) Defendant timely removed to this Court. (Dkt. no. 1.)

---

[3] Plaintiffs admit that the single-subject restriction was previously upheld against a First and Fourteenth Amendment challenge. (Dkt. no. 41 at ¶ 3.) However, Plaintiffs argue that they are challenging the "cumulative effect" of the three statues at issue in this case. (*Id.*)

On April 3, 2012, the Court granted Plaintiffs' Motion to Remand in part, severing and remanding Plaintiffs' claims based on the Nevada Constitution but retaining jurisdiction over claims arising out of the United States Constitution. (Dkt. no. 36.) On May 22, 2012, Plaintiffs, with leave of the Court, filed a SAC. (Dkt. no. 41.)

Movants NMA, RAN, NDA, LVCC, NTA, and Wynn (collectively referred to as "NMA et al.") are all organizations or businesses claiming that they have utilized NRS §§ 295.009 and 295.061 in past election years to defeat certain ballot initiatives which they have opposed. Further, in its Motion movant NMA stated that it plans on challenging a mining-tax initiative filed on January 31, 2012, under NRS §§ 295.009 and 295.061. Movants move to intervene as a matter of right under Rule 24(a)(2) or, alternatively, by permission of the Court under Rule 24(b)(1)(B).

Movant NRA claims a similar interest to Movants NMA et al. NRA and its Political Action Committee advocate on behalf of the gaming industry in Nevada. NRA claims that it has a significant interest in the disposition of this case because NRA "has publically supported and opposed various initiative petitions, and has been directly affected by multiple petitions filed this year." (Dkt. no. 48 at 5.) Additionally, NRA argues that if Plaintiffs are "successful in their claims, the [NRA] would lose its right to challenge the legal sufficiency of initiative petitions." (*Id.* at 6.)

Movant Nevada Legislature claims that NRS § 218F.720 grants it an unconditional right to intervene in this case. NRS § 218F.720 grants the Nevada Legislature an unconditional right to intervene when a party in any action or proceeding alleges that the Legislature has violated the Nevada Constitution or alleges that any state law is invalid, unenforceable, or unconstitutional. (Dkt. no. 1-16 at 3.)

As an initial matter, the Court notes Plaintiff People's Legislature filed a similar lawsuit in 2009, which this Court (the Honorable Roger Hunt) dismissed. *Pest Committee v. Miller*, 648 F. Supp. 2d 1202 (D. Nev. 2009). Movants LVCC, NMA, and NTA similarly moved to intervene in that action, and the Court denied their Motion. *Id.* at 1211-1214.

///

## II. LEGAL STANDARD

As noted, Movants seek intervention as a matter of right under Rule 24(a)(2), or, alternatively, by permission of the Court under Rule 24(b)(1)(B). The Court will first discuss the standards governing intervention of right and permissive intervention before addressing the individual motions.

### A. Intervention of Right

Rule 24(a)(2) permits anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." When evaluating motions to intervene as a matter of right, courts construe Rule 24 liberally in favor of potential intervenors, focusing on practical considerations rather than technical distinctions. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). A party seeking to intervene by right must meet four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). An applicant for intervention bears the burden of showing that all four requirements are met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Movants fail to satisfy their burden with respect to the fourth requirement.

### B. Permissive Intervention

Rule 24(b)(1)(B) permits a court to allow anyone to intervene who submits a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." A movant "who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for

4

jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). But a district court has discretion to deny permissive intervention even if the applicant satisfies the threshold requirements. *Id.* In exercising its discretion, a court should consider whether intervention will unduly delay or prejudice the original parties, whether the applicant's interests are adequately represented by the existing parties, and whether judicial economy favors intervention. *Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th Cir. 1989). The Court exercises its discretion to deny permissive intervention.

### III. NMA ET AL.'S MOTION TO INTERVENE

#### A. Intervention of Right

##### 1. Factor 1: Timeliness

Factor 1 favors NMA et al. "Timeliness is 'the threshold requirement' for intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997) (quoting *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir.1990)). Courts consider three factors to determine whether a motion to intervene is timely: (1) the stage of the proceedings when the motion is filed, (2) the prejudice to other parties, and (3) the length and reason for any delay. *Id.*

Both the Motion and the Joinder Motion were filed shortly after Plaintiffs filed their First Amended Complaint ("FAC"). The FAC was filed on January 31, 2012. (Dkt. no. 1-5.) NMA and RAN filed their Motion to Intervene on February 13, 2012. (Dkt. no. 1-10.) NDA, LVCC, NTA, and Wynn filed their Joinder Motion on February 27, 2012. (Dkt. no. 9.) Because the Motions were filed during an early stage in the proceedings, before any dispositive motions were decided, it would not unduly prejudice Plaintiffs or Defendant to allow NMA et al. to intervene. Accordingly, the Court holds that both the Motion and the Joinder Motion were timely.

##### 2. Factors 2 and 3: Significant Protectable Interest and Impairment of That Interest

Factors 2 and 3 also favor Movants NMA et al. "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some

law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). "The 'interest' test is not a bright-line rule." *Alisal*, 370 F.3d 915, 919 (2004) (citations omitted). "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Lockyer*, 450 F.3d at 441. "An applicant generally satisfies the relationship' requirement only if the resolution of plaintiff's claims actually will affect the applicant." *Arakaki*, 324 F.3d.

The Court concludes that Movants NMA et al. have a "significant protectable interest" in this litigation that will be impaired by its disposition. First, they have an interest that is protected under law: pursuant to the requirements of NRS 295.061, they currently have the right to challenge initiative petitions in court for violations of NRS § 295.009's single-subject requirement. Second, if Plaintiffs succeed and these statutes are declared unconstitutional, NMA et al. will lose the rights afforded to them by the statutes. Therefore, the Court holds that Movants NMA et al. have an interest protected by Nevada law that will be impaired if Plaintiffs succeed on their claims.

### 3. Factor 4: Adequate Representation of Movant's Interest

Courts consider three factors when assessing whether a present party will adequately represent the interests of an applicant for intervention:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki*, 324 F.3d at 1086. In addition, "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Id.* When the government acts on behalf of its citizens, a court should presume the government adequately represents its citizens' interests. *Id.*

In this case, NMA et al. have failed to demonstrate that their interests are inadequately represented by the present party. As an initial matter, the Court concludes

the Secretary is entitled to a presumption that he adequately represents NMA et al.'s interests for two reasons. First, the Secretary and NMA et al. share the same ultimate objective: to uphold NRS §§ 295.009, 295.061, and 295.015 against constitutional attack. Second, the Secretary, as the Defendant in this case, is acting as a representative of the citizens of Nevada. As such, NMA et al. "must make a compelling showing that the Secretary inadequately represents their interests." *See PEST Committee*, 648 F. Supp. 2d at 1213. NMA et al. fail to establish such a compelling showing.

NMA et al. do not contest that the Nevada Secretary of State enters this lawsuit as a representative of all Nevada citizens and seeks to defend the challenged statutes as a representative of those citizens. (Dkt. no. 25 at 5.) NMA et al. and the Secretary share a common goal: defending the constitutionality of NRS §§ 295.009, 295.061, and 295.015. Despite this, NMA et al. argue that their interests and the Secretary's interests "are quite likely to diverge" – though Movants do not describe *how* their common interests could diverge. NMA et al. point to *In re Sierra Club*, 945 F.2d 776, 780 (4th Cir. 1991) to support their contention that a potential intervenor "does not need to consider the interests of all [state] citizens," while the Secretary of State does. (Dkt. no. 1-10 at 8.) Movants argue that for this reason, their interests in this case diverge with the Secretary's. However, in *Sierra Club*, the Fourth Circuit found it likely that the interests and arguments of movant Sierra Club and defendant South Carolina would diverge on certain specific issues in the litigation. *Sierra Club*, 945 F.2d at 780. The court noted that while both the South Carolina government and the Sierra Club argued that the environmental regulation at issue did not violate the Commerce Clause, the parties' interests could likely diverge on other key issues in the case, including "the appropriate disposition of sections of [the regulation at issue] that may not violate the Commerce Clause, the balance of hardships accruing to the parties if part of [the regulation] is enjoined by preliminary injunction, and the public interest factor to be weighed in a preliminary injunction analysis." *Id.* Here, NMA et al. only predict general unnamed

future disagreements and divergent goals. This potential threat, without more, is speculative and unpersuasive. The Secretary is an adequate representative of Movants' interests in this case.[4]

### B.     Permissive Intervention

Movants NMA et al. seek to intervene to defend the constitutionality of NRS §§ 295.009, 295.061, and 295.015. Because this is the precise claim at issue in Plaintiffs' Complaint, NMA et al. satisfy the first and third threshold requirements of Fed. R. Civ. P. 24(b)(1)(B). Further, the Court has already found that their Motion is timely. NMA et al. have therefore satisfied their threshold burden and intervention is within the Court's discretion. Nevertheless, the Court denies their Motion. As discussed above, the Court finds that NMA et al.'s interests are adequately represented by the Secretary of State. Adding them as parties would unnecessarily encumber the litigation and impede judicial economy. The Court therefore denies permissive intervention.

The Court nevertheless recognizes that NMA et al. represent more narrow and specific interests than the Secretary, and their perspective and experience may aid the Court in reaching a resolution in this matter. Accordingly, Movants NMA et al. may proceed as amicus curiae.[5] NMA et al. may jointly file amicus briefs on dispositive motions in this matter with leave of the Court.

---

[4] To the extent that the NMA et al. argue that their interests are divergent to the Secretary of State because they, and not the Secretary, have actually challenged initiative petitions under NRS 295.009 and 295.061, this argument fails for the same reason it failed in *Pest Committee*, 648 F. Supp. 2d at 1213-14: NMA et al. "correctly note that the Secretary does not normally file legal challenges to initiative petitions pursuant to NRS 295.009 and 295.061. But it is unclear to the Court why this is relevant. The Secretary has been named as a party and involved in the litigation of nearly every petition challenged under the statutes. . . . As such, the Secretary is quite familiar with legal challenges involving initiative petitions [and] is sufficiently familiar with legal challenges to initiative petitions so as to adequately represent the Proposed Intervenor's interests."

[5] "The privilege of being heard amicus rests solely within the discretion of the court . . .. Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence . . .. There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely *(fn. cont…)*

## IV.   NRA'S MOTION TO INTERVENE

As explained above, NRA's stated interest in this case is similar to NMA et al.'s. Like NMA et al., NRA is an organization that has utilized the challenged statutes to its benefit in the past and seeks to continue use of the challenged statutes to oppose certain initiatives and referenda in the future. Therefore, for the same reasons stated in Section III, NRA's Motion to Intervene is denied. Movant NRA may proceed as amicus curiae and may file amicus briefs on dispositive motions in this matter with leave of the Court.

## V.   NEVADA'S LEGISLAUTRE'S MOTION TO INTERVENE

The Legislature argues that it qualifies for intervention not only pursuant to Fed. R. Civ. P. 24(a)(1), but also under NRS § 218F.720. The Court agrees with the Legislature. The statute states that when a party brings a challenge that raises "as an issue, either in law or in equity, in whole or in part, or facially or as applied, the . . . validity, enforceability or constitutionality of any law, resolution, initiative, referendum or other legislative or constitutional measure":

> the Legislature has an unconditional right and standing to intervene in the action or proceeding and to present its arguments, claims, objections or defenses, in law or fact, whether or not the Legislature's interests are adequately represented by existing parties and whether or not the State or any agency, officer or employee of the State is an existing party. If the Legislature intervenes in the action or proceeding, the Legislature has all the rights of a party.

NRS § 218F.720(2)(b)-(3). NRS § 218F.720 therefore grants the Legislature an unconditional right to intervene in this proceeding.

Plaintiffs' arguments to the contrary are without merit. Plaintiffs argue that NRS § 218F.720 "does not override and supercede [sic] the common law prerequisite to N.R.C.P. 24." [6] (Dkt. no. 18 at 4.) However, Plaintiffs present no case law to support

---

(…fn. cont.) make a showing that his participation is useful to or otherwise desirable to the court." *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990).

[6] Plaintiffs made this argument before the Court remanded the state law claims in this case. The Court therefore interprets this argument as also applying to Fed. R. Civ. *(fn. cont…)*

9

this assertion. Further, Fed. R. Civ. P. 24(b)(2)(A) anticipates intervention by a government officer or agency as authorized by statute like the one here.

**VI.    CONCLUSION**

IT IS THEREFORE ORDERED that Movants NMA and RAN's Motion to Intervene (dkt. no. 1-10) and Movants NDA, LVCC, NTA, and Wynn's Joinder to that Motion (dkt. no. 9) are DENIED.  The parties may jointly proceed as amicus curiae and may file briefs on dispositive matters in this case with leave of the Court.

IT IS FURTHER ORDERED that Movant NRA's Motion to Intervene is DENIED. NRA may proceed as amicus curiae and may file briefs on dispositive matters in this case with leave of the Court.

IT IS FURTHER ORDERED that Movant Nevada Legislature's Motion to Intervene (dkt. no. 1-16) is GRANTED.

ENTERED THIS 15th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE

---

*(… fn. cont.)* P. 24. Though the state and federal rules of civil procedure are not identical, they contain similar language and share the same purpose.