UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE PEOPLE'S LEGISLATURE, a Nevada political action committee; and CITIZEN OUTREACH, INC., a Virginia non-profit corporation,<br><br>Plaintiffs,<br>v.<br><br>BARBARA CEGAVSKE, in her official capacity as Secretary of State of Nevada; and THE NEVADA LEGISLATURE,<br><br>Defendants. | Case No. 2:12-cv-00272-MMD-VCF<br><br>ORDER |

**I.   SUMMARY**

This case concerns whether Nevada's ballot initiative is constitutional under the First and Fourteenth Amendments of the United States Constitution. Before the Court is Plaintiffs' Belated Motion for Leave to Add Bob Beers and Charles Muth as Plaintiffs Pursuant to Rule 20 ("Plaintiffs' Motion"). (ECF No. 75.) Defendants filed a response and motion to dismiss for lack of standing and a motion to stay the dispositive motion deadline ("Defendants' Motion").[1] (ECF No. 76.) Plaintiffs filed a response to Defendants' Motion (ECF No. 82) and a reply in support of their Motion (ECF No. 83). Defendants then filed a reply in support of their Motion. (ECF No. 84.)

---

[1] Defendants actually filed their response and two motions as one document. (ECF No. 76.) These documents were subsequently docketed as three separate filings as required under the Court's local rules (ECF No. 79): the response to Plaintiffs' Motion (ECF No. 76), Defendants' Motion (ECF No. 77), and a motion to stay the dispositive motions deadline pending resolution of the motion to add parties and motion to dismiss ("Motion to Stay") (ECF No. 78).

For the reasons discussed below, the Court denies Plaintiffs' Motion and grants Defendants' Motion. Defendants' Motion to Stay is denied as moot.

**II.    BACKGROUND**

**A.    Procedural History**

The original complaint in this case was filed on January 18, 2012, in the Eighth Judicial District Court in Clark County, Nevada. (ECF No. 1-1.) Ross Miller, then the Secretary of State of Nevada, removed this action on February 21, 2012. (ECF No. 1.) The Nevada Legislature became an intervenor-defendant[2] in this case upon the Court's order of August 15, 2012. (ECF No. 53.) This case was stayed by stipulation on October 18, 2012. (ECF No. 56.) The stay was not lifted until three years later, on November 12, 2015, at which point the Court directed the parties to file a proposed amended joint discovery plan and scheduling order. (ECF No. 67.) The discovery deadline was then set for September 15, 2016, and the dispositive motions deadline was set for October 14, 2016. (ECF No. 72.) On September 26, 2016, Defendant Barbara Cegavske, the current Secretary of State of Nevada, filed a motion to extend the dispositive motions deadline. (ECF No. 73.) The Court granted this motion on October 5, 2016, and set the new deadline for filing dispositive motions for November 16, 2016. (ECF No. 74.)

**B.    Underlying Allegations**

In their Second Amended Complaint ("SAC"), Plaintiffs The People's Legislature ("People") and Citizen Outreach ("Citizen") challenge the process by which citizens draft, file, and circulate ballot initiative petitions under Nevada law. (ECF No. 41 at 1.) More specifically, Plaintiffs challenge the single-subject restriction and 200-word description-of-effect requirement established at NRS § 295.009, as well as the unlimited private Attorney General enforcement provision and the mandatory venue for litigation set forth

///

///

---

[2]The SAC identifies only Ross Miller, the Secretary of State for Nevada in May of 2012 as Defendant.

in NRS § 295.061.[3] (*Id.*) Plaintiffs also challenge NRS § 295.015, which they contend "provides that if the Court changes one word [in the description-of-effect] all signatures previously gathered are void." (*Id.* at 1-2.)

The SAC asserts one claim for relief pursuant to 42 U.S.C. § 1983, contending that NRS §§ 295.009, 295.115, and 295.061 are unconstitutional, both facially and as applied, under the First and Fourteenth Amendments of the United States Constitution.[4] (*Id.* at 20-22.) They ask this Court to: (1) declare that these three statutory provisions are unconstitutional as applied and used together or, in the alternative, (2) strike one or more of the statutory provisions as an unreasonable burden on free speech; and (3) enter a preliminary and permanent injunction against Defendant Ross Miller, his successors and assigns, and all persons acting in concert with Defendant from enforcing these three statutory provisions or from removing any future proposed initiative on the basis of NRS §§ 295.009 and 295.061. (*Id.* at 23.)

### C. Relevant Precedent

In *Pest Committee v. Miller*, the Ninth Circuit Court of Appeals found NRS §§ 295.009 and 295.061 to be facially constitutional under the First Amendment. *See Pest Comm. v. Miller*, 626 F.3d 1097, 1103 (9th Cir. 2010). More specifically, the court affirmed the district court's holding that, "Nevada's statutory single-subject, description-of-effect, and pre-election challenge provisions do not impose a severe burden on First Amendment rights, are permissible regulations of the state's electoral process, and are not unconstitutionally vague." *Id.* at 1099. The court also found that the two statutory provisions were not overly broad, finding that the "single-subject or description-of-effect provisions [do] not establish that individuals or courts are unable to discern what is required or that the provisions are so standardless that [they] authorize[ ] or encourage[ ]

---

[3]While Plaintiffs make mention of this provision, the SAC lacks any further allegations concerning how the requirement of litigating in Carson City is unconstitutional. The Court therefore does not address this assertion in its analysis.

[4]The asserted facial challenge in the SAC appears to be that "[o]n their face and/or as applied, these two statutes [NRS §§ 295.009 and 295.061] are unconstitutional[.]" (ECF No. 41 at ¶ 73.)

3

seriously discriminatory enforcement," *id.* at 1111 (internal quotation marks and citation omitted), nor "do [they] have the effect of thwarting all attempts to place initiatives and referenda before the voters," *id.* at 1113. In other words, the court found that the two statutory provisions did not have a chilling effect, as the plaintiffs in the case had claimed. *See id.* at 1102, 1112-13.

**III.    DEFENDANTS' MOTION**

Because Defendants' Motion raises the threshold issue of standing, the Court will address Defendants' Motion first.

**A.    Legal Standard**

To hear a case, a federal court must have subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The issue of standing is central to establishing subject matter jurisdiction. *Id.* at 560. Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

**B.    Article III Standing**

"Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'" *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007). "Standing is examined at the commencement of the litigation." *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 170 (2000)) (internal quotation marks omitted); *see also Lujan*, 504 U.S. at 570 n.4 ("The existence of federal jurisdiction ordinarily depends on the facts as they

exist when the complaint is filed.") (internal quotation marks and citation omitted). Moreover, the party invoking standing must also show that it has standing for each type of relief sought. *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009). Therefore, the Court only addresses whether People or Citizen had standing to bring as applied challenges at the time of filing the original complaint.[5]

To establish Article III standing to bring an as applied challenge, a plaintiff must allege "(1) a distinct and palpable injury-in-fact that is (2) fairly traceable to the challenged provision or interpretation and (3) would likely be redressed by a favorable decision." *Real v. City of Long Beach*, 852 F.3d 929, 934 (9th Cir. 2017) (internal citation omitted). To satisfy the injury-in-fact requirement under an as applied challenge, a plaintiff must allege three factors: (1) an intention to engage in a course of conduct; (2) the course of conduct is affected with a constitutional interest; and (3) the course of conduct is proscribed by a statute and there exists a credible threat of prosecution thereunder. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2342 (2014)).

Defendants contend that because Plaintiffs have never actually had these statutes applied to them (as Plaintiffs have never filed any initiatives with the Secretary of State), Plaintiffs fail to demonstrate that they have suffered any constitutional injury. (ECF No. 76 at 3-4.) In response, Plaintiffs state that in 2008 Citizen tried to draft and circulate an initiative to facilitate school vouchers but chose not to file the petition because "opponents" informed them that "their proposed initiative violated the single-subject and word and description under NRS 295.009." (ECF No. 83 at 5.) Thus, at the time of filing the original complaint, Plaintiffs' alleged injury was the supposed chilling of their political speech, which hindered them from following through on their intended course of conduct. (*See* ECF No. 41 at 5.)

///

---

[5]The Court does not address the alleged facial challenge to NRS §§ 295.009 and 295.061 (ECF No. 41 at 22). As discussed previously, *see supra* II.C, the Ninth Circuit ruled that those statutory provisions were facially constitutional under the First Amendment.

Plaintiffs cannot satisfy all three factors of the injury-in-fact analysis under an as applied challenge. In *Real*, the Ninth Circuit found that the plaintiff had satisfied the injury-in-fact requirement for purposes of an as applied challenge because he had alleged an intention to open a tattoo shop (without applying for a permit), tattooing is a purely expressive activity fully protected by the First Amendment, and the zoning ordinance proscribed his intended conduct to open a tattoo shop. 852 F.3d at 934. Like the plaintiff in *Real*, who had not applied for a permit, at the time of filing the complaint in January 2012, Plaintiffs had not actually filed a petition with the Secretary of State or had that petition challenged in state court. However, based on the allegations in the SAC, it is unclear how the statutory framework under NRS §§ 295.009, 295.015, and 295.061 proscribed Plaintiffs' intended conduct to file or circulate their petition. At its core, Plaintiffs' concern appears to be that once they filed the petition, a powerful political interest group would challenge it, and they would be required to litigate the matter in court and potentially amend and refile their petition.[6] While this may be a valid concern, the Court fails to see how the three statutory provisions at issue actually act as a prior restraint on Plaintiffs' ability to file their intended petition or a burden on their political speech. Moreover, the Ninth Circuit held that the single-subject and description-of-effect provisions do not act as a prior restraint on political speech, are content-neutral, and found that the language of these provisions provided persons of ordinary intelligence with a reasonable opportunity to understand what is required for the filing of ballot initiatives and that it is permissible for judges to figure out how to apply these provisions

///

---

[6] Plaintiffs also appear to be concerned that the single-subject and description-of-effect requirements are being applied by judges in a way that favors powerful political interest groups. (*See* ECF No. 41 at 17.) This is a red herring, as Plaintiffs fail to provide sufficient factual allegations demonstrating how these requirements or the other two statutory provisions are discriminatory as applied to them. The SAC's examples of other interest groups having their petitions overturned does not remedy the SAC's failure to identify a credible injury to Plaintiffs. In other words, Plaintiffs fail to demonstrate how the statutory provisions made *their* filing a petition pointless. Highlighting instances where a powerful interest group won does not actually demonstrate a constitutional deficiency with the statute.

over time.[7] *Pest Comm.*, 626 F.3d at 1113. The court also found that the pre-election challenge provision in NRS § 295.061 did not severely burden political speech and was a permissible regulation of Nevada's electoral process. *Id.* at 1099. In light of the Ninth Circuit's determinations, this Court finds that the SAC fails to allege sufficient facts to bring novel claims as applied to Plaintiffs outside those already resolved in the *Pest Committee* decision.[8]

Plaintiffs thus lack standing to bring as applied challenges to NRS §§ 295.009, 295.015, and 295.061. This Court is therefore precluded from exercising jurisdiction over this case.

## IV. PLAINTIFFS' MOTION

Plaintiffs seek to add Bob Beers ("Beers"), a former Nevada state senator and current commissioner of the Las Vegas City Council, and Charles Muth ("Muth"), the current CEO of Citizen, to this action as additional plaintiffs under Federal Rule of Civil Procedure 20, claiming that both individuals were "directly or indirectly plead [sic] to a sufficient degree of notice" (ECF No. 75 at 2-3). While Defendants contend that Plaintiffs seek to add these two additional plaintiffs to cure their lack of standing (ECF No. 76 at 4), Plaintiffs state they seek to add Beers and Muth because the two individuals did not request to be added as plaintiffs until October 2016 (ECF No. 83 at 3.) Yet, Plaintiffs' reasoning does not explain why either individual should be added absent any issues with Plaintiffs' own standing, as two of the petitions identified in Plaintiffs' Motion were filed after the start of this litigation—both Beers and Muth filed petitions in 2016 that were

///

---

[7]This last holding concerning judicial development of case law directly addresses Plaintiffs' concern that the two judges who deal with these matters at the First Judicial District Court in Carson City have no special training in election law or additional expertise. (*See* ECF No. 41 at 7.) The United States Constitution does not require that judges be experts in any one area of law.

[8]While Plaintiffs also attempt to bring a novel claim by challenging the constitutionality of the petition amendment procedure in NRS § 295.015(2) (*see* ECF No. 41 at 6), they fail to provide sufficient factual allegations as to how that provision proscribed their ability to file or circulate their proposed petition.

then challenged under NRS §§ 295.009 and 295.061 (*id.* at 4, 6)—and the other two petitions were never even filed.

Because standing is determined by the facts as they existed at the time the original complaint was filed, *see Lujan*, 504 U.S. at 570 n.4, the two proposed plaintiffs would not have standing to bring an as applied challenge based on their subsequent 2016 petitions. Plaintiffs also note that Beers attempted to circulate a petition in 2005[9] (ECF No. 75 at 2), just as Muth/Citizen had attempted to do in 2008. Disregarding potential statute of limitations issues with adding this claim, the failure to file the 2005 petition suffers from the same defect as does Muth/Citizen's failure to file the 2008 petition. Therefore, even if Defendants are correct that the reason for adding Beers and Muth is to cure defects with Plaintiffs' standing, the addition of the two as plaintiffs fails to do so.

For these reasons, Plaintiff's Motion is denied.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is hereby ordered that Plaintiffs' motion to add parties (ECF No. 75) is denied and Defendants' motion to dismiss (ECF No. 77) is granted.

It is further ordered that Defendant's motion to stay the dispositive motions deadline (ECF No. 78) is denied as moot.

The Clerk is instructed to enter judgment accordingly and close this case.

DATED THIS 25th day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[9]It is unclear whether the attempt was made in 2005 or 2006. (*See* ECF No. 83 at 4.)